Matter of Betty & Lily Corp. v City of N.Y. Off. of Admin. Trials & Hearings (2019 NY Slip Op 04270)





Matter of Betty & Lily Corp. v City of N.Y. Off. of Admin. Trials & Hearings


2019 NY Slip Op 04270


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9468 159739/17

[*1]In re Betty & Lily Corp., Petitioner,
v
The City of New York Office of Administrative Trials & Hearings, et al., Respondents.


Sperber Denenberg & Kahan, P.C., New York (Steven B. Sperber of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Determination of respondent Office of Administrative Trials & Hearings (OATH), dated September 21, 2017, which, after a hearing, found that petitioner illegally converted a dwelling unit classified as a permanent residence into short-term rentals, and imposed civil penalties, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Shlomo Hagler, J.], entered July 9, 2018), dismissed, without costs.
The determination that petitioner illegally converted a dwelling unit classified as a permanent residence into short-term rentals in violation of Administrative Code of City of NY §§ 28-210.3 and 28-301.1 and NY City Building Code (Administrative Code, tit 28, ch 7) § BC 907.2.8 is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). The hearing officer found the testimony of the Department of Building's investigator credible; OATH did not disagree with that finding, and there is no basis for this Court to do so (see Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]).
The civil penalties imposed on petitioner, considering the history of similar violations, are not shockingly disproportionate to the offenses (see Matter of SCE Group Inc. v New York State Liq. Auth., 159 AD3d 519, 520 [1st Dept 2018]; see also Matter of 42/9 Residential LLC v New York City Envtl. Control Bd., 165 AD3d 541, 542 [1st Dept 2018]; see also Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [1974] [penalty may reflect need for deterrence]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK